OPINION
{¶ 1} Appellant, Joset Butts, appeals from a judgment by the Logan County Common Pleas Court, Juvenile Division, terminating her parental rights and granting permanent care and custody of her minor child to Appellee, Logan County Children's Services Board ("LCCSB"). On appeal, Appellant contends that the trial court's finding that permanent custody would be in the child's best interest was not supported by clear and convincing evidence. However, we find that clear and convincing evidence supports Appellant's failure to consistently comply with the court ordered case plan, her inability to secure a suitable home environment, and her lack of patience and knowledge for the care of the child. Accordingly, we affirm the trial court's judgment.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. Tyler William Butts was born premature to Appellant on October 12, 2000. LCCSB was notified by the hospital that Appellant had exhibited poor parenting skills according to the hospital staff. Additionally, despite being told that the LCCSB would be notified, Appellant checked out of the hospital against medical advice, leaving the child in the hospital's care. On October 13, 2000, pursuant to an ex parte custody order from the Logan County Juvenile Court, Tyler was placed in the temporary care of the LCCSB, pending a probable cause and shelter care hearing.
 {¶ 3} Thereafter, on October 19, 2000, the juvenile court found that probable cause existed for a finding of neglect and/or dependency, and temporary custody of Tyler was continued with the LCCSB. He was placed in foster care and subsequently adjudicated a dependent child. A dispositional hearing was conducted on December 12, 2000, and Tyler remained in the custody of the LCCSB. Moreover, a case plan was established to assist in the reunification of Appellant and her son. According thereto, Appellant was required to attend counseling, parenting classes, and scheduled visitations with Tyler. Moreover, she was required to establish an adequate and stable living environment for her child.
 {¶ 4} In early October 2001, the court conducted an annual review of Appellant's progress towards achievement with the case plan, finding that Tyler could not be returned to his mother because she had refused services outlined in her case plan and had not established a suitable residence of her own. Because the child could not be reunited with Appellant, the LCCSB moved for permanent custody on January 16, 2002. After a hearing on the matter, the trial court found that Tyler had been in the temporary custody of the LCCSB for more than twelve months of a consecutive twenty-two month period and that granting permanent custody was in the best interests of the child.
 {¶ 5} From this decision, Appellant appeals, asserting the following assignment of error for our consideration:
 {¶ 6} "NO COURT SHOULD GRANT A MOVANT PERMANENT CUSTODY UNDER OHIO REVISED CODE 2151.414 ET SEQ. UNLESS CLEAR AND CONVINCING EVIDENCE IS PRESENTED ON EACH FACTOR ESSENTIAL TO THE GRANTING OF RELIEF UNDER THAT SECTION."
 {¶ 7} The Ohio Revised Code provides that a clear and convincing evidence standard must be utilized when determining permanent termination of parental rights.[1] Clear and convincing evidence is "that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[2]
 {¶ 8} R.C. 2151.414(B)(1) states that when deciding whether to permanently divest parents of their custody rights, a trial court must apply a two-prong test. The court must determine whether such action, by clear and convincing evidence, will serve the best interests of the child.[3] Once a court determines that granting permanent custody to the movant would be in the child's best interest, the court must then consider whether one of the factors in R.C. 2151.414(B)(1)(a) through (d) applies.
 {¶ 9} The relevant factor to this case asks whether the child has "been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."[4] The child herein had been in the temporary custody of the LCCSB for over fifteen months to the date of the permanent custody motion, a fact not in dispute. Accordingly, we will now discuss Appellant's claim that the trial court's best interest finding was not supported by clear and convincing evidence.
 {¶ 10} R.C. 2151.414(D)(1) through (5) sets forth the relevant factors that a court must consider in determining the best interests of the child. These factors include, but are not limited to, the following:
 {¶ 11} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 12} "(2) The wishes of the child * * * with due regard for the maturity of the child;
 {¶ 13} "(3) The custodial history of the child * * * ;
 {¶ 14} "(4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;
 {¶ 15} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."[5]
 {¶ 16} Pursuant to R.C. 2151.414(D), the trial court found clear and convincing evidence that the best interests of Tyler would be served by awarding permanent custody to the LCCSB. For the following reasons, we find that this determination is supported by the evidence.
 {¶ 17} We will begin by discussing the evidence as it relates to2151.414(D)(1). The evidence indicates that Tyler is a special needs child due to his premature birth and his development is mildly delayed. Consequently, he requires continual stimulation and interaction in order to progress as a normal child. In foster care, Tyler has received the necessary attention for his needs, and his foster parents have been receptive to all LCCSB suggestions in order to provide a nurturing environment for him. Testimony reveals that without such attention, Tyler's deficit would be much more pronounced. Additionally, the relationship between Tyler and his foster family is positive.
 {¶ 18} On the other hand, testimony indicates that Appellant is not knowledgeable on how to attend to Tyler's special needs.[6] Despite being informed of a toy-lending program for disadvantaged persons, Appellant's home remains devoid of stimulation for the child. Moreover, Appellant missed more than a third of the scheduled visits with the child. Of the visits she did attend, Appellant frequently arrived late or ended them early. In addition, when the child would become irritated or upset, Appellant would often react harshly or return him to the LCCSB staff member in attendance. Pursuant to Appellant's case plan, such aggressive behavior was to be discussed during counseling sessions, which Appellant only sporadically attended. Moreover, testimony indicates that Appellant is distracted by her surroundings and the need to smoke during visitations. Further evidence shows that LCCSB staff members had to intervene more than once to protect the child while Appellant was exercising visitation.
 {¶ 19} According to R.C. 2151.414(D)(3), Appellant has never had custody of her child. The day following his birth, Tyler was placed with a foster family. Additionally, at the time of the permanent custody hearing, Tyler had been in the custody of the LCCSB for seventeen months.
 {¶ 20} Tyler is in need of a secure permanent placement according to R.C. 2151.414(D)(4), which, in light of the evidence provided, cannot be adequately established by Appellant. Testimony shows that Appellant has frequently moved over the last year and struggles with financial responsibilities. Moreover, she is often taken advantage of by acquaintances, resulting in her giving away what little food and money she has. The individuals involved with Appellant, including the guardian ad litem assigned to the case, testified that she could not provide a permanent secure placement for Tyler.
 {¶ 21} As demonstrated by the evidence, various reasons clearly justify the trial court's conclusion that the child would be better cared for in another home, including Appellant's failure to consistently comply with the ordered case plan, her inability to secure a suitable home environment, and her lack of patience and knowledge for the care of Tyler. Consequently, because the trial court's grant of permanent custody is supported by clear and convincing evidence, we find Appellant's assignment of error to be without merit, and it is hereby overruled.
 {¶ 22} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] R.C. 2151.414.
[2] Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; In re Hickok (Sept. 1, 2000), Marion App. Nos. 9-2000-27, 9-2000-28, 9-2000-29.
[3] R.C. 2151.414(B)(1).
[4] R.C. 2151.414(B)(1)(d).
[5] R.C. 2151.414(D).
[6] See, e.g., In re Andrew B. (Aug. 2, 2002), Lucas App. No. L-01-1440, 2002-Ohio-3877, at ¶ 63.